(March 10, 1997)

■ BOARD OF MANAGERS OF THE VILLAGE IN MOUNT KISCO CONDOMINIUM, Respondent, v HOWARD MATATIA et al., Defen-

dants, and PETER L. HOWSON et al., Appellants. [655 NYS2d 447] —In an action for a judgment declaring the rights of the parties to designated outdoor parking spaces in The Village In Mount Kisco Condominium, the defendants William T. Desmond and Nancy L. Desmond appeal and the defendant Peter L. Howson separately appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered October 5, 1995, as (1) denied their respective motions (a) for summary judgment declaring, *inter alia*, that they were the owners of certain parking spaces, or (b) for summary judgment dismissing the complaint, and (2) granted the plaintiff's cross motion for summary judgment to the extent of dismissing their affirmative defenses and counterclaims, and declaring "that defendants lack a vested right to both indoor and outdoor parking spaces and that plaintiff [is] entitled to require defendants to relinquish previously designated parking spaces or deny requests for an outdoor space where none had been assigned".

Ordered that the appeal of William T. Desmond and Nancy L. Desmond is dismissed as abandoned (*see,* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by Peter L. Howson.

We agree with the Supreme Court's conclusion that in the instant case the plaintiff Board of Managers of The Village In Mount Kisco Condominium (hereinafter the Board), retained the right to designate and control the parking areas in the subject condominium complex. We further find that the court's declaration as to the rights of the Board to control parking spaces is consistent with Real Property Law §§ 339-i (3) and (4), and with the relevant condominium documents relating to the powers of the Board.

Peter L. Howson's remaining contentions lack merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.